MONMOUTH PLUMBING AND SUPPLY COMPANY, RESPONDENT, v. GEORGE F. HERBERT AND ARLINGTON REALTY COMPANY, BUILDERS, DEFENDANTS, AND ARLINGTON REALTY COMPANY, DEFENDANT-APPELLANT.

Submitted January term, 1930—Decided May 6, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Michael J. Tansey*.

For the respondent, *Charles F. Sexton*.

PER CURIAM.

This was an action upon lien claim. The complaint is in three counts, the first being the usual one in lien claim actions; the second is for goods sold and delivered to the defendants, Herbert and Arlington Realty Company, and the third is for goods sold and delivered to the defendant Herbert.

Upon the trial the action lost its character as a lien claim suit because of the production of a release from the plaintiff and the defendant Herbert to the defendant Arlington Realty Company, as owner, releasing the lands from lien and the trial of the cause resulted in a verdict in favor of the plaintiff for the full amount of its claim against the Arlington Realty Company and for one dollar as against the defendant Herbert.

It appears that a rule to show cause why these verdicts should not be set aside, was allowed to and argued by the appellant, and it further appears that the grounds or reasons urged under this rule were that the verdict for the nominal amount against Herbert was inconsistent, under the proofs, with that for the entire amount of the claim against the defendant, appellant here, and that the guaranty offered in evidence which appeared to have been executed by the president of the Arlington Realty Company was *ultra vires* and not binding upon the company, and that the claim of the plaintiff was not properly proven.

The result under such rule was that it was discharged as to the Arlington Realty Company, the appellant here, and made absolute as to the nominal verdict against Herbert, and such verdict was set aside.

It would seem that strictly this would dispose of the questions raised upon this appeal.

*Catterall* v. *Otis Elevator Co.*, 103 *N. J. L.* 381. We think it does, but turning to the grounds of appeal we also think the same result must be reached.

The first three grounds are directed at an alleged guaranty to the respondent alleged to have been executed by the president of the appellant.

The facts seem to be that the appellant company being the owner of lands on Garfield avenue in Avon, undertook to erect thereon an apartment house and in furtherance of that project entered into the following agreement with the defendant Herbert as follows:

"January 25th, 1927.

Working Agreement between

C. H. Walker, Pres., Arlington Realty Co., and George F. Herbert plumber.

I will agree to install all plumbing work according to Avon Code and Tenement House Code in apartment house at 15 Garfield avenue, Avon, New Jersey, and for which I am to be paid ten per cent. upon all labor and materials. Labor to be met weekly. It is understood that you will guaranty entire cost of materials in writing. All commission to be paid at the completion of this work. All complaints about labor to be made to Mr. Herbert."

This in form was an offer signed by Herbert and a duplicate was accepted and signed by the president of the Arlington Realty Company.

Subsequently and apparently in accord with such agreement the following paper was executed by the president of the Arlington Realty Company:

"February 11th, 1927.

Monmouth Plumbing Supply Co.

33 Second Avenue, Long Branch, N. J.

Gentlemen—We hereby guarantee payment of plumbing materials as per contract amounting to $8,272 as per estimate dated January 18th, 1927. Also all extra material that you furnish, to be installed by plumbing contractor, George F. Herbert, on apartment house job, Garfield avenue, Avon, New Jersey. Terms of payment are two per cent. for cash on the tenth of the month following date of invoice or thirty days

net, or note in full upon completion of delivery of all material, excepting extra material."

It is contended that the total amount of materials furnished reached the sum of $13,744.38. Labor bills for plumbing work were paid weekly by the appellant. On May 7th, 1927, appellant gave the plaintiff its note for $4,000 which was not paid at maturity but subsequently by an order of August 3d, 1927, of appellant, signed by its president, the sum of $8,206 was paid plaintiff from the proceeds of a mortgage loan made to the appellant. This left a balance of $5,700 due plaintiff. On the same date and in the same manner and from the same fund $2,577.98 was paid Herbert, the plumbing contractor, for the balance due him under his contract for plumbing labor. Thereafter appellant suggested, through its president, that it give a second mortgage to the plaintiff for the balance of its account. While negotiations in this direction were in progress the appellant was decreed to be insolvent and a receiver was appointed. From the proofs it is apparent, and, in fact, convincing that the materials, the price and value of which constitutes the plaintiff's claim, went into the building of the appellant, and also that C. Herbert Walker, the president of the appellant company was in full and absolute control of its affairs and all the details of the construction of the apartment house in question.

The first ground of appeal is directed at a portion of the charge in which the court referred to the proofs as indicating power conferred expressly, or by implication, by holding out the president of the appellant as its agent.

Appellant does not point out or direct our attention to any error in such portion of the charge so singled out for attack.

The next ground is alleged error in refusing to charge appellant's third request.

We think there was no error in this for two reasons: first, because the request does not fully cover the theory upon which the cause was tried in that it fails to include the question of ratification of the acts of its president, by the corporation, and, second, because the trial court fully, and we think, correctly, charged upon the matters covered by the request.

The third ground is that the court erred in permitting the agreement of guaranty of February 11th, 1927, to be introduced in evidence.

Under the proofs in the case we think this was not error, at least a jury question was presented as to its being the act and obligation of the appellant corporation, and this question was presented to the jury.

The final ground is that the judgment should be set aside because the verdict of one dollar against the defendant, Herbert, is inconsistent with the judgment against the appellant.

We are not by any means certain that under the proofs this verdict was inconsistent with the verdict and judgment against the appellant but if it may be said to be, this ground is without merit for two reasons, first, that it is not a proper ground of appeal, and, second, being a proper ground for setting aside the verdict under a rule for a new trial, it was so treated under such a rule and the verdict was set aside.

The judgment below should be affirmed, with costs.